UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| VS. | ) | CR06-0079ML |
| | ) | |
| EVONNE MAURICE | ) | |

MOTION FOR SENTENCE CONSIDERATION

(REDACTED)

Now comes Evonne Maurice, the Defendant in the above captioned matter, and moves this Honorable Court, pursuant to Local Rule of Criminal Procedure 32 (2006), to consider and impose a sentence that is sufficient, but not greater than necessary, in compliance with18 U.S.C. § 3553(a), and below the suggested advisory guideline range. After considering all the appropriate information present in this case, the Court should conclude that the advisory guidelines call for a sentence longer than necessary. Ms. Maurice requests the Court impose a sentence of 24 months incarceration followed supervised release with the appropriate conditions. Under the unique circumstances presented here, this sentence will be sufficient to satisfy the purposes of sentencing.

Respectfully submitted
Evonne Maurice
By his attorney,

/s/ Kevin J. Fitzgerald, 5775
Assistant Federal Defender
10 Weybosset St., Ste. 300
Providence, RI 02903
(401) 528-4281
FAX 528-4285
kevin_fitzgerald@fd.org

CERTIFICATION

I hereby certify that a copy of this electronically filed with notification to Dennis Jenkins, United States Probation Officer, and Andrew Reich, Assistant United States Attorney, on August 3, 2007.

/s/ Kevin J. Fitzgerald

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| VS. | ) | CR06-0079ML |
| | ) | |
| EVONNE MAURICE | ) | |

MEMORANDUM IN SUPPORT OF SENTENCING

(REDACTED)

## I. Introduction

Ms. Maurice respectfully submits this memorandum to assist the Court in determining a sentence "sufficient but not greater than necessary" to achieve the statutory purposes of sentencing. 18 U.S.C. § 3553(a) (2005). Additionally, Ms. Maurice submits this memorandum in support of her Motion for Sentencing Consideration advocating for a sentence below the suggested guideline range. The Court is required to sentence a defendant below the advisory guideline range if such a sentence is sufficient to achieve the purposes of sentencing. *Id*. Ms. Maurice requests the Court to impose a sentence of 24 months in prison followed by supervised release; a sufficient sentence to adequately addresses society's needs of punishment and deterrence under these circumstances without being longer than necessary.

## II. Factual and Procedural Background

On December 1, 2005, Ms. Maurice attempted to rob the Citizen's Bank branch in Garden City by passing a note to the drive-thru teller from the back seat of a hired car. Ms. Maurice withdrew the attempt and left the scene. Eventually the State of Rhode Island determined her identity and issued a warrant for her arrest. Ms. Maurice was arrested by the Tampa, FL, police department on May 20, 2006, and later transferred to RI.

Ms. Maurice appeared for arraignment on this indictment on July 19, 2006, pled not guilty

and was detained. State authorities released Ms. Maurice to CT officials in the Fall of 2006. She was taken into federal custody in RI on April 16, 2007. Ms. Maurice pled guilty to this charge on May 16, 2007, and sentencing is scheduled for August 10, 2007.

III. General Sentencing Considerations

The Court takes guidance in sentencing from 18 U.S.C. § 3553(a). The statute instructs the district court to impose a sentence "sufficient, but not greater than necessary" to comply with the purposes of sentencing listed in subsection (a)(2).[1] The district judge must also assess, analyze and consider the particular facts of the present offense and the unique characteristics of the defendant before the court. 18 U.S.C. § 3553(a)(1). The judge then uses that individual information to determine an appropriate sentence.

Under the statute, the Court must also consider more general information including the types of sentences available and the advisory guideline range. 18 U.S.C. § 3553(a)(4) & (5). Congress tasked the Sentencing Commission to develop guidelines for "categories of offenses" and "categories of defendants," (28 U.S.C. § 994(c) & (d)), in a manner consistent with 18 U.S.C. § 3553(a)(2). 28 U.S.C. § 991(b)(1)(A). The Commission was not instructed, however, to weigh individual characteristics or effectuate the parsimony principle into the guidelines.

The First Circuit has held that the advisory guideline range in an individual case is not just a mere factor in the § 3553(a) list. *United States v. Jimenez-Beltre*, 440 F.3d 514, 518 (1st Cir. 2006); *see also United States v. Thurston*, 456 F.3d 211, 215 (1st Cir. 2006), *United States v. Smith*, 445 F.3d 1, 4(1st Cir. 2006). The Court reasoned the guidelines should carry more weight than the other considerations because they "represent the only integration of the multiple sentencing factors set forth in § 3553(a), often reflect past practice, and bear the imprimatur of the Sentencing Commission." *Thurston*, 456 F.3d at 215 (quoting *Smith* 445 F.3d at 4). Despite the declaration of heightened importance, the guidelines still reflect generalizations in sentencing. *Jimenez-Beltre*, 440

---

[1] The statute requires the sentence to reflect the basic aims of sentencing, including just punishment, deterrence, incapacitation, and rehabilitation. 18 U.S.C. § 3553(a)(2).

F.3d at 518. While this standard has prevailed since *United States v. Booker*[2], the decision in *Rita v. United States*[3] clearly shows that the heightened importance guidelines-centric method is unconstitutional.

The United States Supreme Court sought to clarify post-*Booker* sentencing in *Rita*. It held that a district court could not apply a presumption of reasonableness to suggested advisory guideline ranges. *Rita*, 2007 U.S. LEXIS 8269, **16-17, **25. The Court reserved a non-binding rebuttable presumption on appellate review reasoning that if the Commission and sentencing court arrived at the same sentencing range independently then that decision should be accorded some deference. *Id.* at **16-19. That holding conflicts with First Circuit practice, and local practice here in the District of Rhode Island, because *Jimenez-Beltre*, *Smith*, and *Thurston* value the advisory guideline more than the sentencing court's own assessment under § 3553(a).

The basis for the heightened importance standard is flawed. The Commission aspired to integrate the factors of § 3553(a) into the guidelines, but the statute, 28 U.S.C. § 991(b)(1)(A), only obligates them to incorporate the purposes for sentencing under § 3553(a)(2). Further, the guidelines simply cannot incorporate the parsimony principle, the unique character of the defendant, or the unique facts of the offense into the guidelines. The Commission studied pre-guidelines sentencing practices in an effort to place a sentencing value on certain crimes and mitigating or aggravating factors. *See* U.S.S.G. § 1A1.1 (Part A, 3). Today, however, the resulting guidelines rarely reflect past practices. For example, the guidelines did not account for the blanket increase in time of incarceration due to the abolition of parole. Also, the entire controlled substance guideline framework in U.S.S.G. § 2D1.2 merely parrots the mandatory minimum sentences in the 1986 Anti-Drug Abuse Act (now 21 U.S.C. § 841). Third, the career offender enhancement is entirely a creation of the Commission and has no past on which to rely.[4] As for the Commission's imprimatur as the expert body on sentencing, its complete repudiation of the crack cocaine guidelines has not

[2] 543 U.S. 220 (2005).

[3] 551 U.S. ___, 2007 U.S. LEXIS 8269 (2007).

[4] Congress directed the Commission to sentence certain career offenders to incarceration at or near the maximum penalty as part of the creation of the guidelines. 28 U.S.C. § 994(h). As a creature of the guidelines, the Commission could not incorporate past practice.

resulted in change, which brings into question the Commission's actual power and influence. Lastly, the Commission is tasked to continue studying sentencing and adjust the guidelines as necessary. *See* 28 U.S.C. § 994(o); U.S.S.G. § 1A1.1. Those adjustments have resulted in over 600 amendments since 1987, with only a handful resulting in lesser guideline ranges. Under these circumstances, holding the advisory guidelines in higher regard than the other § 3553(a) considerations undermines the sentencing process.

The sentencing judge is in the best position to accurately and efficiently determine the appropriate sentence in an individual case. Congress has charged the district court with that duty. 18 U.S.C. § 3553(a). Only the judge can assess the character and background of an individual. Only the judge can enforce the parsimony directive. Only the judge can look the defendant in the eye at sentencing. "It has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue." *Koon v. United States*, 518 U.S. 81, 113 (1996). While the advisory guidelines continue to be part of the sentencing process, they cannot occupy the preeminent position due to their deficiencies. The sentencing court must "calculate the advisory sentencing guideline range accurately, so that they can derive whatever insight the guidelines have to offer, but ultimately they must sentence based on 18 U.S.C. § 3553(a) without a thumb on the scale favoring a guideline sentence." *United States v. Sachsenmaier*, 2007 U.S. App. LEXIS 15346, *11-12 (7th Cir. June 28, 2007) (interpreting *Rita)*. This Court must determine the appropriate sentence, one that is sufficient but not greater than necessary, by incorporating all of the considerations under § 3553(a).

IV. The Minimally-Sufficient Sentence

The parsimony provision imposes a statutory cap on sentences; the sentence cannot be greater than necessary to achieve the purposes of punishment. 18 U.S.C. § 3553(a). Ms. Maurice requests that the Court impose a 24 month sentence. The proposed sentence strives to achieve the goals of sentencing by punishing Ms. Maurice for her conduct while also recognizing her potential for successful rehabilitation. The proposed sentence also encompasses the negligible recidivism risk

that Ms. Maurice presents.[5]

In determining the minimally-sufficient sentence, the Court must basically ask whether a more severe sentence would achieve greater justice, deterrence, incapacitation, or rehabilitation. In this instance the advisory guideline range is 37 to 46 months in prison. That suggested sentence does not include any consideration of Ms. Maurice individually as required by § 3553(a)(1) (individual's unique background and characteristics), nor the unique facts of this case. The Court must consider all individual aspects concerning Ms. Maurice and her background when determining the appropriate sentence. 18 U.S.C. § 3553(a)(1). *See also*, *Rita*, 2007 U.S. LEXIS 8269, **24. The Court must also consider the other factors in § 3553(a), including the guidelines, but the guidelines cannot be the sole basis for a particular sentence. *See Rita*, 2007 U.S. LEXIS 8269, **23-25. The facts and circumstances present here, taken as a whole, warrant a sentence significantly below the advisory range.

V. Conclusion

For all of these reasons, Ms. Maurice asks the Court to impose a sentence of 24 months in prison followed by supervised release.

Respectfully submitted
Evonne Maurice
By his attorney,

/s/ Kevin J. Fitzgerald, 5775
Assistant Federal Defender
10 Weybosset St., Ste. 300
Providence, RI 02903
(401) 528-4281
FAX 528-4285
kevin_fitzgerald@fd.org

[5] The Sentencing Commission has recognized that a low criminal history, strong employment, education, and substance abuse treatment all lower the risk of recidivism. Measuring Recidivism: The Criminal History Computation of The Federal Sentencing Guidelines, United States Sentencing Commission, 6-8 & 11-14 (May 2004) (available at www.ussc.gov/publicat/Recidivism_General.pdf ). Ms. Maurice combines each of these factors and therefore presents little chance of coming back to this Court for future crimes.

CERTIFICATION

I hereby certify that a copy of this electronically filed with notification to Dennis Jenkins, United States Probation Officer, and Andrew Reich, Assistant United States Attorney, on August 3, 2007.

/s/ Kevin J. Fitzgerald